## J. S. FREER v. K. S. CHANDLER.

Will — Construction — Intention of Testator.

The intention of the testator, when clearly and distinctively announced, will not be disturbed, however singular, when it contravenes no public policy nor principle of law.

The executor may convey a legal title to testator's land after it has reverted to the estate, for the purpose of carrying out the provisions of the will.

APPEAL FROM LYON CIRCUIT COURT.

October 8, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

We concur with the Circuit Court that the deed from Aug. L. Chandler to his brother, Josiah Chandler, was absolute and not an error, that he was of full age when he made it, and that it had never been rescinded.

But, we think, an erroneous construction was placed on Josiah Chandler's will. He evidently intended to dispose of all his estate and to die intestate as to none; the devise was of all his land and personalty to his wife for life or widowhood charged with the payment of his debts; he made his wife executrix so long as she lived and remained a widow; then he desired Tramwell Parker to

execute this will "*to put the remainder of my property around me and mine.*"

The testator had lost all of his children, and evidently after providing for his surviving relict during her life or widowhood, his next object was to have the last resting place of himself and descendants adorned; and, however singular the devise or form of its expression, we cannot doubt but this was his object and the only reasonable construction to be given to those words that dispose of the reversionary interest after the estate devised to his wife. Such a devise is legal, however singular, and we cannot frustrate the intention of the testator so clearly and distinctly announced, as it contravenes no public policy nor principle of common nor statute law known to us.

The deed of Parker who qualified as an executor, after the death of the testator's widow to Freer, conveyed to him the legal title to the land.

Wherefore, the judgment is reversed, with directions to dismiss appellee's bill absolutely.